MINNEAPOLIS THRESHING-MACHINE COMPANY *vs.* LOUIS P. CREVIER.

November 20, 1888.

Corporation — Stock Subscription before Organization — Action by Company.—The complaint in this action alleges, in substance, that the defendant and others entered into the agreement set forth therein, with one J. S. M., in contemplation of the organization of the corporation for manufacturing purposes, therein specifically designated, and subscribed certain sums to constitute the capital stock thereof; that in pursuance of the agreement such corporation was thereafter duly organized by the defendant and the other subscribers to such agreement, for the purposes alleged; that such stock subscriptions were thereupon duly transferred to the corporation; that all the terms and conditions of such agreement have been fulfilled, as thereby required; that calls have been duly made for the payment of such subscriptions, and due notice given to defendant to pay the same, in accordance with the terms thereof, prior to the commencement of this action. *Held* sufficient to make a *prima facie* case of liability against the defendant.

v.39M—27

Appeal by defendant from an order of the district court for Hennepin county, *Young*, J., presiding, overruling a demurrer to the complaint.

*Cobb & Wheelwright*, for appellant.

*C. M. Pond* and *James O. Pierce*, for respondent.

VANDERBURGH, J.   The appellant's objections to the sufficiency of the complaint appear to be insubstantial.   The complaint shows that the defendant and others entered into the written agreement annexed to the complaint, with one McDonald, upon sufficient consideration, and upon certain conditions therein stipulated, for the organization of a corporation for manufacturing agricultural implements, and for such purpose subscribed the amount of the capital stock therein specified, payable in instalments, and at designated dates.   It also appears that the corporation therein contemplated was soon thereafter duly organized by the defendant and other subscribers to the capital stock, under the laws of this state, for the purpose of manufacturing threshing-machines and other agricultural implements, and the stock subscriptions were immediately and duly transferred to the corporation so organized.   One of the conditions of the agreement was that the name and articles of incorporation, and all details of the organization, should be adopted by the subscribers after the full amount of stock should be subscribed; and the complaint alleges the completion of the subscription as required thereby, and that, pursuant to the agreement, the corporation was duly organized by the defendant and others signing it.   From these allegations it necessarily follows that the corporation was organized under Gen. St. 1878, *c. 34*, § 120, and hence authorized to have capital and receive the stock subscribed; that the agreement and the subscriptions were accepted, and acted on,—of which facts the defendant, as a party to the corporate organization, will be presumed to have notice, as well as of the further fact alleged, that the conditions upon which the agreement to pay the stock subscriptions was made, were fulfilled. The fact that the corporation was duly organized, in pursuance of the agreement; that the instalments were agreed to be paid at the dates alleged; that calls were made, and notice duly given, to defendant, to pay the same, in conformity with such agreement,—are

presumptively sufficient to establish plaintiff's right to demand and collect the amount claimed to be due the company from the defendant.

Order affirmed.